FILED
August 26, 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____SAJ_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> BIBIANA IRA ORTIZ, <br> JIMMIE TROY PALMER, III, <br> JOSHUA RUBEN OLIVENCIA <br> DAVID RAY COPLIN | Cause No. **DR-20-CR-1357-AM** <br><br> **INDICTMENT** <br><br> [VIO: COUNT ONE: 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1), and 963 Conspiracy to Import Methamphetamine; COUNT TWO: 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1) Importation of Methamphetamine; COUNT THREE: 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 846, Conspiracy to Possess With Intent to Distribute Methamphetamine; COUNT FOUR 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm ] |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1), and 963]

On or about August 1, 2020, in the Western District of Texas, Defendants,

BIBIANA IRA ORTIZ,
JIMMIE TROY PALMER, III,
JOSHUA RUBEN OLIVENCIA,

knowingly, intentionally and unlawfully combined, conspired, confederated and agreed together and with others known and unknown to the Grand Jury to import and cause to be imported a controlled substance, which offense involved a quantity of 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, its salts, isomers, and salts of its

isomers, a Schedule II Controlled Substance, into the United States from the Republic of Mexico, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1) & (b)(1), and 963.

## COUNT TWO
[21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1)]

On or about August 1, 2020, in the Western District of Texas, Defendants,

BIBIANA IRA ORTIZ,
JIMMIE TROY PALMER, III,
JOSHUA RUBEN OLIVENCIA,

did knowingly, intentionally and unlawfully import into the United States from the Republic of Mexico, a place outside of the United States, a controlled substance, which offense involved a quantity of 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1) & (b)(1).

## COUNT THREE
[21 U.S.C. § 841(a)(1) & (b)(1)(A) and 846]

On or about August 1, 2020, in the Western District of Texas, Defendants,

BIBIANA IRA ORTIZ,
JIMMIE TROY PALMER, III,
JOSHUA RUBEN OLIVENCIA,

knowingly, intentionally, and unlawfully combined, conspired, confederated and agreed together and with others known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, which offense involved a quantity of 500 grams or more of a mixture or substance containing a detectable amount of Methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A) and 846.

## COUNT FOUR
[18 U.S.C. § 922(g)(1)]

On or about August 1, 2020, in the Western District of Texas, Defendant,

DAVID RAY COPLIN,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, a firearm, to wit: a .40 caliber Taurus PT 140 Millennium G2 handgun, serial number SJW55670, in and affecting commerce, and which had been transported in interstate commerce or foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]
### I.

### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846, 952(a), 960(a)(1) & (b)(1), and 963, subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) & (2)]

As a result of the foregoing criminal violations set forth in Counts One through Three, the United States gives notice to the Defendants of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentencing pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) & (2), which state:

**Title 21 U.S.C. § 853. Criminal Forfeitures**
**(a) Property subject to criminal forfeiture**
* * *
    **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
    **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### II.
### Firearms Violations and Forfeiture Statutes
[Title 18 U.S.C. § 922(g)(1), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the foregoing criminal violation set forth in Count Four, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentence pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461, which states the following:

**Title 18 U.S.C. § 924. Penalties**
**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922, . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . . .

This Notice of Demand for Forfeiture includes but is not limited to the following property.

### III.
### Property

1. $4,599.06, More or Less, in United States Currency seized from Jimmy Troy Palmer, III;
2. Taurus PT 140 Millennium G2, .40 caliber handgun, serial number SJW55670 seized from David Ray Coplin; and
3. Any related ammunition and firearm accessories seized from David Ray Coplin.

### IV.
### Money Judgment

**Money Judgment:** A sum of money equal to the proceeds obtained, directly or indirectly, by each defendant as a result of the violations above for which each defendant is solely liable.

### V.
### Substitute Property

If any property subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property of each Defendant, up to the value of each money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

Original Signature Redacted Pursuant to E-Goverment Act of 2002

FOREPERSON

JOHN F. BASH
United States Attorney

By: _____
REX G. BEASLEY
Assistant United States Attorney

SEALED:
UNSEALED: XX

# DR-20-CR-1357-AM

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: VAL VERDE  USAO #: 2020R07024

DATE: AUGUST 26, 2020  MAG. CT. #: DR20-01424M-01

AUSA: REX G. BEASLEY

DEFENDANT: BIBIANA IRA ORTIZ

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: YES  LANGUAGE: SPANISH

DEFENSE ATTORNEY: JOSEPH ANTHONY CORDOVA

ADDRESS OF ATTORNEY: 2205 VETERANS BLVD., SUITE A-2, DEL RIO, TEXAS 78840

DEFENDANT IS: DETAINED  DATE OF ARREST: AUGUST 1, 2020

BENCH WARRANT NEEDED: NO

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description): Count 1- 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1), and 963 Conspiracy to Import Methamphetamine; Count 2 - 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1) Importation of Methamphetamine; Count 3 - 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 846, Conspiracy to possess with intent to distribute Methamphetamine;

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For each count: 10 years to Life imprisonment; up to $10 million fine; at least 5 years of supervised release; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above

W/DT-CR-3

**DR-20-CR-1357-AM**

SEALED:
UNSEALED: XX

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

COUNTY: VAL VERDE                USAO #: 2020R07024

DATE: AUGUST 26, 2020            MAG. CT. #: DR20-01424M-02

AUSA: REX G. BEASLEY

DEFENDANT: JIMMIE TROY PALMER, III

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: YES          LANGUAGE: SPANISH

DEFENSE ATTORNEY: MONICA ELAINE GUERRERO

ADDRESS OF ATTORNEY: 5150 BROADWAY, STE 114, SAN ANTONIO, TEXAS 78209

DEFENDANT IS: DETAINED            DATE OF ARREST: AUGUST 1, 2020

BENCH WARRANT NEEDED: NO

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description): Count 1- 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1), and 963 Conspiracy to Import Methamphetamine; Count 2 - 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1) Importation of Methamphetamine; Count 3 - 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 846, Conspiracy to possess with intent to distribute Methamphetamine;

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For each count: 10 years to Life imprisonment; up to $10 million fine; at least 5 years of supervised release; $100 special assessment for each count of conviction.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above

W/DT-CR-3

SEALED:  
UNSEALED: XX

# DR-20-CR-1357-AM

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

COUNTY: <u>VAL VERDE</u>  USAO #: <u>2020R07024</u>

DATE: <u>AUGUST 26, 2020</u>  MAG. CT. #: <u>DR20-01424M-03</u>

AUSA: <u>REX G. BEASLEY</u>

DEFENDANT: <u>JOSHUA RUBEN OLIVENCIA</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>YES</u>  LANGUAGE: <u>SPANISH</u>

DEFENSE ATTORNEY: <u>JAIME IRAN ALDAPE</u>

ADDRESS OF ATTORNEY: <u>5511 I.H. 10 WEST, SUITE 1, SAN ANTONIO, TX 78201</u>

DEFENDANT IS: <u>DETAINED</u>  DATE OF ARREST: <u>AUGUST 1, 2020</u>

BENCH WARRANT NEEDED: <u>NO</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>Count 1- 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1), and 963 Conspiracy to Import Methamphetamine; Count 2 - 21 U.S.C. §§ 952(a) and 960(a)(1) & (b)(1) Importation of Methamphetamine; Count 3 - 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 846, Conspiracy to possess with intent to distribute Methamphetamine;</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>For each count: 10 years to Life imprisonment; up to $10 million fine; at least 5 years of supervised release; $100 special assessment for each count of conviction.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>See above</u>

W/DT-CR-3

**DR-20-CR-1357-AM**

SEALED:
UNSEALED: XX

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

COUNTY: VAL VERDE      USAO #: 2020R07030

DATE: AUGUST 26, 2020      MAG. CT. #: DR20-01425M

AUSA: REX G. BEASLEY

DEFENDANT: DAVID RAY COPLIN

CITIZENSHIP: UNITED STATES

INTERPRETER NEEDED: NO      LANGUAGE: ENGLISH

DEFENSE ATTORNEY: CASE J. DARWIN

ADDRESS OF ATTORNEY: 14400 JONES MALTSBERGER #100, SAN ANTONIO, TEXAS 78247

DEFENDANT IS: DETAINED      DATE OF ARREST: AUGUST 1, 2020

BENCH WARRANT NEEDED: NO

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: INDICTMENT

OFFENSE: (Code & Description): Count 4: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: COUNT 4: 0-10 years imprisonment; up to $250,000 fine; 0-5 years of supervised release; $100 special assessment

PENALTY IS MANDATORY: YES & NO

REMARKS: SEE ABOVE

W/DT-CR-3